**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 95-33 Erie |
| | ) | |
| FELIX ROMERO, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

McLAUGHLIN, SEAN J., DISTRICT JUDGE.

Presently pending before the Court is a Motion filed by Felix Romero ("Defendant") [ECF No. 99] seeking a sentence reduction under 18 U.S.C. § 3582(c)(2), and also on the basis that the Fair Sentencing Act of 2010 ("FSA") retroactively applies to his sentence. For the reasons set forth below, the Defendant's motion is denied.

On April 16, 1996, Defendant was convicted by a jury of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). [ECF No. 1 and ECF No. 50]. The offense involved 458.7 grams of cocaine base commonly known as crack. See Pre-Sentence Investigation Report ("PSR") ¶ 5. Prior to trial, the Government filed an information under 21 U.S.C. § 851, alleging the Defendant's prior drug trafficking conviction as a basis for an enhanced mandatory minimum penalty. [ECF No. 42]. Based upon the quantity of drugs and his prior conviction, the pre-sentence investigation report ("PSR") concluded that Defendant's maximum term of imprisonment was not less than 20 years nor more than life, see PSR ¶ 37, and the Defendant conceded that the mandatory minimum of 20 years was applicable to his sentence. [ECF No. 56]. He was sentenced on August 9, 1996 to the mandatory minimum sentence of 240 months incarceration, followed by 10 years of supervised release. [ECF No. 59]. His conviction and sentence were affirmed by the Third Circuit Court of Appeals on May 2, 1997. [ECF No. 71]. Defendant's Motion to Vacate his sentence under 28 U.S.C. § 2255 was denied by the Court on June 23, 1999. [ECF No. 77].

On November 20, 2007, Defendant filed his first Motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), wherein he sought to reduce his sentence following the

1

retroactive amendment to the United States Sentencing Guidelines ("U.S.S.G.") for crack cocaine offenses. [ECF No. 86]. Because Defendant was sentenced to a statutory minimum, the motion was denied by Memorandum Opinion and Order on September 8, 2009. [ECF No. 92].

Defendant filed a second Motion for a reduction of his sentence under the Fair Sentencing Act of 2010 ("FSA") on April 21, 2010, and argued that the FSA eliminated the mandatory minimum sentences for crack cocaine offenses. [ECF No. 86]. The Motion was denied on June 19, 2010 since the FSA had not yet become law. [ECF No. 95].

On August 4, 2010, Defendant filed a third Motion seeking a sentence reduction under the provision of 18 U.S.C. § 3582 and the reduced mandatory minimums under the FSA. [ECF No. 96]. The Motion was denied by Memorandum Opinion and Order on April 26, 2011 on the basis that the FSA did not afford Defendant any relief because his mandatory minimum sentence exceeded the recommend guideline sentencing range and the FSA did not apply retroactively to his case. [ECF No. 98].

Defendant filed a fourth request for sentence reduction August 26, 2011. [ECF No. 99]. He bases his claim on 18 U.S.C. § 3582 and the reduced mandatory minimums under the FSA. [ECF No. 99]. Specifically, he relies on a January 11, 2011 decision by the United States Sentencing Commission which gave retroactive effect to portions of its permanent Amendment (Amendment 750) to the Federal Sentencing Guidelines which implement the FSA.[1]

Here, once again, Defendant is not entitled to relief. Based upon the quantity of drugs involved, Defendant would still be subject to the same 20 year mandatory minimum sentence under the FSA. See e.g., United States v. Surratt, __ Fed. Appx. __, 2011 WL 5925306 at *2 (3rd Cir. 2011) (holding statutory minimum penalties are mandatory and defendant not entitled to a sentence reduction because his guideline range did not change); United States v. Moses, 2012 WL 253107 at *3 (E.D.Pa. 2012) (defendant not entitled to reduction under FSA since mandatory minimum sentence not affected by Amendment 750 due to amount of crack involved in the offense); Accordingly, the instant Motion will be denied.

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion [ECF No. 99] is DENIED.

Signed this 13th day of March, 2012.

---

[1] Retroactivity of that permanent Amendment became effective on November 1, 2011.

s/ Sean J. McLaughlin
United States District Judge

cm: All parties of record.